UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CHI FAI WONG,

    Petitioner,

  -against-

UNITED STATES OF AMERICA,

    Respondent.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
05-CV-176 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

  Before the court is a petition for a writ of habeas corpus, pursuant to Section 2255 of Title 28 of the United States Code ("U.S.C."), brought by Chi Fai Wong ("Petitioner" or "Wong"), who is a prisoner at the Federal Correctional Institution in Memphis, Tennessee. Petitioner was convicted in this court, after a trial by jury, of murder, conspiracy to commit murder, racketeering, and conspiracy to commit extortion. On appeal, the Second Circuit affirmed the district court's judgment, on July 29, 1998. *See United States v. Tung*, 159 F.3d 1349 (2d Cir. 1998).

  Petitioner now challenges his conviction and sentence on the ground that the United States of America (the "Government") improperly suppressed exculpatory evidence, and further challenges his sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005). The Government moves to dismiss on the ground that Wong's petition is untimely and, alternatively, requests that this court deny Wong's claims as without merit.

  For the reasons stated below, the court finds that Petitioner's request is untimely. Accordingly, the Government's motion to dismiss is granted.

1

I.   Facts

   A.   Background

Starting in the mid-1980s until his arrest at the end of 1993, Petitioner was the elected President or the *de facto* boss, of a Chinatown tong, or association, known as the Tung On Association located in New York County. Under Petitioner's leadership, the Tung On Association was aligned with a violent gang called the Tung On, which controlled a sharply defined area of Chinatown in Manhattan. During this period, the Tung On gang was deeply entrenched in criminal extortion, gambling, narcotics trafficking, and violent gang activity, including turf wars, planned attacks, kidnapings, shootings, stabbings, and general gang warfare. In December 1993, federal agents arrested several members of the Tung On gang, including Petitioner, co-defendant Yuk Chun Kwong ("Kwong"), and Petitioner's brother Steven Wong.

Petitioner was convicted in the United States District Court for the Eastern District of New York, after a trial by jury, of racketeering activity under 18 U.S.C. § 1962(c), 18 U.S.C. § 1959(a), murder and conspiracy to commit murder under 18 U.S.C. § 1959(a), and conspiracy to commit extortion under 18 U.S.C. § 1951. On October 11, 1995, the trial court sentenced Petitioner to three terms of life imprisonment for murder and racketeering, a term of ten years of imprisonment for conspiracy to murder, and a term of twenty years of imprisonment for conspiracy to commit extortion, all of which were to run concurrently.

After Petitioner was sentenced, he moved for a new trial, alleging that he was denied effective assistance of counsel. Petitioner, along with his co-defendants, including Kwong, also advanced a claim under *Brady v. Maryland*, 373 U.S. 83 (1963). Pursuant to *Brady*, they alleged that the Government improperly failed to disclose that, prior to his indictment, Petitioner had provided

2

information to law enforcement about members of the Tung On gang and other Chinatown gang activity.

The Honorable Reena Raggi, then a United States District Judge, conducted extensive post-trial evidentiary hearings and, on October 18, 1996, denied Petitioner's motion for a new trial. Judge Raggi held that Petitioner's previous cooperation with the Government was immaterial and deemed unfounded his claims of ineffective assistance of counsel.

Petitioner appealed Judge Raggi's decision, arguing on appeal that there was insufficient evidence to convict him of racketeering, that he received ineffective assistance of counsel, and that the Government suppressed material evidence[1] in violation of his right to due process. On July 29, 1998, the Second Circuit affirmed the district court's decision on all counts. *See United States v. Tung*, 159 F.3d 1349 (2d Cir. 1998).

Petitioner now brings the instant habeas petition, which was filed on January 12, 2005.

**B.      Discovery of Allegedly Exculpatory Evidence**

Petitioner claims that, sometime in late January 2004, he learned, through a letter sent to him by co-defendant Kwong, that Kwong had cooperated with Drug Enforcement Administration ("DEA") agents in their investigation of Petitioner during the period spanning 1990 to 1992. (*See* Kwong Affs. and Letter Pet.'s Exs. A & B.). Kwong affirms that he sent the aforementioned letter to Petitioner in or around January 2004. (Kwong Aff. Pet.'s Ex. B ¶¶ 4-5.) Kwong further attests that DEA agents had asked him many questions about Petitioner, and that he informed them that Petitioner was a "legitimate businessman." (Kwong Aff. Pet.'s Ex. A ¶ 6.) Petitioner does not

---

[1] In that instance, Petitioner referred to the Government's suppression of evidence of his own cooperation with the Government.

3

dispute that he was aware that Kwong had cooperated with the Government sometime starting 1989 or 1990 in order to assist in an earlier case involving Petitioner's brother, Steven Wong.

Additionally, Petitioner claims that, in early February 2004, he learned that his brother Steven Wong had been an informant for the Government from 1981 to 1987. He alleges that he discovered the fact of his brother's cooperation upon reading the decision entitled *United States v. Wong*, 761 F. Supp. 250 (S.D.N.Y. 1991).[2] Petitioner admits that he was aware of his brother's cooperation with the Government after 1987. He further concedes that he does not know whether his brother provided any information–exculpatory or otherwise–to the Government concerning Petitioner.

The Government did not disclose to Petitioner that Kwong and Steven Wong had cooperated, nor the extent or content of the information they provided, if any, concerning Petitioner's case. Accordingly, Petitioner requests an evidentiary hearing during which this court may consider the extent and impact of the Government's alleged suppression of exculpatory evidence. Petitioner further requests that this court order the Government to produce all evidence and statements involving Kwong's and Steven Wong's cooperation with the Government pertaining to Petitioner's participation in the activities he was charged and convicted of.

### C. Imposition of Sentence under Federal Sentencing Guidelines

Petitioner's sentence was imposed pursuant to the United States Sentencing Guidelines (the "Guidelines"), which, at the time, were mandatory.[3] The district court calculated an offense level

---

[2]The opinion stated, in pertinent part, that "[f]ollowing [Steven] Wong's arrest on an immigration charge in February 1987, he agreed to cooperate as an informant for the Drug Enforcement Administration. . . . Wong's cooperation apparently was not his first such activity." *Wong*, 761 F. Supp. at 251-52.

[3]The Supreme Court's later decision in *U.S. v. Booker*, 543 U.S. 220 (2005), struck down the mandatory application of the Guidelines.

4

of 47, four levels above the base offense level of 43.[4]  Judge Raggi adjusted upward, apparently following the recommendation in the Pre-Sentence Investigation Report, increasing the base level due to Petitioner's leading role in the offense and for obstruction of justice.  In so doing, Judge Raggi considered facts neither found by the jury nor proven beyond a reasonable doubt.

Petitioner filed the instant motion prior to the Supreme Court's 2005 decision in *Booker*, 543 U.S. 220.  In his motion papers, Petitioner argued that this court should apply the standards set forth in *Blakely v. Washington*, 542 U.S. 296 (2004), holding that judges could not enhance a criminal sentence beyond the range provided for in state sentencing guidelines based on facts other than those decided by a jury or admitted by the defendant.  *Id.* at 303.  Petitioner filed his response to the Government's reply after the Supreme Court's *Booker* decision, which extended the *Blakely* holding to the federal Guidelines.  *See Booker*, 543 U.S. at 244.  Petitioner asks this court to apply *Booker* retroactively and, thereunder, vacate, set aside, or correct his sentence.[5]

## II.  Statute of Limitations Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year statute of limitations for habeas petitions brought under section 2255 of title 28 of the U.S.C. ("section 2255").  The one-year limitations period begins to run from the latest of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that

---

[4]Under the base offense level of 43, the Guidelines mandated a life sentence, but with parole eligibility.

[5]In the event that the court opts to "correct" Petitioner's sentence, Petitioner asks to be re-sentenced under the Guidelines range for base offense level 43.

> right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner's conviction became final on October 28, 1998, ninety days after the appellate court's decision was filed. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that a federal conviction becomes "final" under 28 U.S.C. § 2255 "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"); *see also* Sup. Ct. R. 13 (setting the expiration of time for filing a petition for certiorari at ninety days). Petitioner filed the instant habeas petition on January 12, 2005, over six years after his conviction became final. Accordingly, Petitioner's present motion is untimely under section 2255(1) unless he can demonstrate that he satisfies any of the exceptions articulated in subsections (2) to (4).

### A. Removal of Alleged Impediment Created by Governmental Action

Petitioner contends that the Government's failure to disclose exculpatory evidence was an impediment created by governmental action, pursuant to section 2255(2), in violation of the Due Process Clause, which excuses his failure to abide by the one-year statute of limitations. The court disagrees.

Some courts have held that, when a petitioner makes a request of the Government for exculpatory material[6] under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq.*, that request tolls the statute of limitations under section 2255. *See Ruiz v. United States*, 221 F. Sup. 2d 66, 76 (D. Mass. 2002); *Edmond v. United States Attorney*, 959 F. Supp. 1, 4 (D.D.C. 1997). At

---

[6]*See Brady v. Maryland*, 373 U.S. 83 (1963).

least one court, however, has not subscribed to this view, stating that merely making a FOIA request is insufficient to toll the one-year time limit. *See United States v. Tamfu*, Nos. 3:99-CR-0279-P(01), 3:01-CV-1719-P, 2002 WL 31452410, at *3 (N.D. Tex. Oct. 5, 2002) ("One must do more than simply claim suppression of exculpatory material to satisfy § 2255(2). One must show that the suppression has prevented the filing of a § 2255 motion.").

In any event, here, Petitioner does not claim that he made a FOIA request of the DEA or that he made any effort to obtain the allegedly exculpatory information, apart from requesting the intervention of the court. Petitioner's mere allegation that the Government has suppressed exculpatory material alone cannot possibly satisfy the exception articulated in section 2255(2). Otherwise, the exception would "swallow the rule," permitting virtually anyone who mentions *Brady* to file after the one-year limitations period. In addition to his allegation, however, Petitioner offers as evidence (1) an affidavit and letter from Kwong stating that Kwong had informed the DEA that Petitioner was a "legitimate businessman" and (2) an opinion drafted in 1991 stating that Steven Wong "apparently" cooperated with the DEA on more than one occasion. Such evidence alone, which, on its face, does not prove that either Kwong or Steven Wong provided exculpatory information to the DEA, is insufficient to justify tolling the statute of limitations on the ground of a government-created impediment.

Accordingly, Petitioner has failed to satisfy the exception articulated in subsection (2) of section 2255.

**B.   Discovery of Allegedly Exculpatory Evidence**

Petitioner contends that his motion is timely under section 2255(4) because he filed it within one year of January 15, 2004, after which date he allegedly discovered that Kwong and Steven Wong

had cooperated with the DEA. He argues that the exercise of "due diligence" would not have led him to discover Kwong and Steven Wong's cooperation prior to that date, or the content of their conversations with the DEA. Thus, he believes he should be excused from the one-year statutory time limit. The Government argues that a duly diligent person in Petitioner's situation would have discovered that Kwong and Steven Wong cooperated with the Government well before the five-plus years it took the Petitioner to discover these facts, and Petitioner is, thus, time-barred from bringing his claim.

The court holds that a reasonably diligent person in Petitioner's position would have discovered whether Kwong and Steven Wong had provided exculpatory information to the DEA concerning Petitioner long before Petitioner did. Although Petitioner is required to exercise no more than "due, or reasonable diligence" in his attempt to discover evidence supporting his 2255 petition, *see Wims v. United States*, 225 F.3d 186, 190 n.4 (2d Cir. 2000), he did not meet this standard.

Petitioner knew that Kwong cooperated with the Government starting around 1989 or 1990 in another case, but he claims he was unaware that Kwong allegedly provided exculpatory information to the DEA during the period of 1990 to 1992. Similarly, Petitioner knew that Steven Wong cooperated with the Government starting in 1987, but purportedly not prior to this. Given Petitioner's knowledge of Kwong's and Steven Wong's cooperation with the Government in the years preceding his arrest, a reasonable person in Petitioner's position would have inquired whether they provided information to the Government about him, as well as the subject of any information provided. Because the information Kwong and Steven Wong purportedly provided to the DEA is allegedly exculpatory, it is, further, reasonable to assume that Kwong and Steven Wong likely would have been willing to provide the information to Petitioner, as Kwong appears to have been in his

8

January 2004 letter. Yet Petitioner does not claim that he made any such inquiries.

Moreover, when the facts relevant to a habeas petition are within the control of the Government, a petitioner still has the responsibility to take action that could ultimately lead to the discovery of those facts. *See Joost v. United States*, 336 F. Supp. 2d 185, 188 (D.R.I. 2004) (holding that the petitioner did not exercise "due diligence" because he filed a FOIA request seeking documents in support of his 2255 petition nearly three years after his conviction had become final, despite the fact that he had been asserting his 2255 claims since the time of trial). Upon purportedly learning that Kwong and Steven Wong may have provided exculpatory information to the DEA, Petitioner appears to have taken no action to seek out the allegedly exculpatory evidence from the DEA. He does not assert that he made a FOIA request, which is the proper mechanism for him to seek the production of the evidence in question, and not the court in the first instance. *See Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (holding that when "an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records' . . . [j]udicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation") A reasonably diligent person in Petitioner's position would have filed a FOIA request within a year of discovery of the allegedly exculpatory information.

Petitioner's failure to inquire whether Kwong and Steven Wong cooperated with the DEA in his case and his subsequent failure to file a FOIA request with the DEA reflects an unreasonable lack of due diligence. Therefore, Petitioner's habeas petition is untimely under section 2255(4).

C.  **Retroactivity of *Booker***

Petitioner claims that the Supreme Court's new rule in *Booker* should be retroactively applied

9

to this case, and his sentence should thus be vacated, set aside, or corrected thereunder. In effect, Petitioner appears to be asking this court to excuse the untimeliness of his petition under section 2255(3), which permits this court to consider the merits of an untimely petition if it is brought within one year of the date a new right is recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

In *Booker*, the Supreme Court held that, under the Sixth Amendment, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. 220, 244. However, while *Booker* "made no explicit statement of retroactivity to collateral cases," *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005), the Second Circuit has held that the new rule should not be retroactively applied to cases on collateral review. *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005).

Consequently, Petitioner's claim cannot be considered timely under section 2255(3). Moreover, because there are no issues of material fact concerning whether Petitioner's application is timely, Petitioner's request for a hearing is denied. *See* 28 U.S.C. § 2255 (stating that no hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.")

**IV. Conclusion**

For all of the foregoing reasons, the court finds that Wong's habeas petition is untimely. Accordingly, the Government's motion to dismiss is granted.

SO ORDERED.

DATED: Brooklyn, New York
September 13, 2007

_____/s/_____
DORA L. IRIZARRY
United States District Judge