```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CHI FAI WONG,                                          :
                                                       :
                    Plaintiff,                         :     SUMMARY ORDER
                                                       :     05-CV-176 (DLI)
          -against-                                    :
                                                       :
UNITED STATES OF AMERICA,                              :
                                                       :
                    Defendant.                         :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Chi Fai Wong ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on the grounds that (i) the United States of America ("Government") improperly suppressed exculpatory evidence, and (ii) he was entitled to resentencing under *United States v. Booker*, 543 U.S. 220 (2005). The court dismissed the petition on procedural grounds, holding that the petition was untimely under each of the standards for timeliness set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255. (*See* September 13, 2007 Memorandum and Order, Docket Entry No. 19.) Petitioner now seeks a certificate of appealability, which the Government opposes. For reasons set forth more fully below, Petitioner's request is denied.

## DISCUSSION

Petitioner's conviction became final on October 28, 1998. It is possible that Petitioner filed a FOIA request with the Drug Enforcement Administration ("DEA") at some point in 2000.[1] (Pet.'s Mem., Ex. 2.) The next event of consequence occurred in January 2004, when co-defendant Yuk Chun Kwong ("Kwong") wrote to Petitioner, informing Petitioner that he had

---

[1] There is no definitive proof as to whether Petitioner actually filed this request. For purposes of this motion, the court presumes that Petitioner filed a FOIA request in 2000.

cooperated with the DEA from 1990 to 1992 and during that time, had informed the DEA that Petitioner was "a legitimate businessman." (Kwong Aff., Pet.'s Ex. A ¶ 6.) Additionally, Petitioner's brother cooperated with the DEA from 1981 to 1987. Petitioner alleges that he first learned of his brother's cooperation in February 2004, when he read a 1991 opinion from the Southern District of New York discussing his brother's involvement. *See United States v. Wong*, 761 F. Supp. 250, 251-52 (S.D.N.Y. 1991) ("*Steven Wong Case*"). Petitioner filed a petition for a writ of habeas corpus on January 12, 2005. (*See* Docket Entry No. 1.) Petitioner filed a FOIA request with the DEA on November 28, 2005. (Pet.'s Mem. Ex. 1.)

The court denied the petition as untimely in its September 13, 2007 Order as Petitioner met none of the standards for timeliness. First, the petition was untimely under § 2255(f)(1) as it was filed more than one year after his conviction was final. Second, the court found the *Brady* claim untimely under § 2255(f)(2) and § 2255(f)(4). The court found no government impediment to Petitioner's discovery of Kwong and Steven Wong's cooperation or Kwong's statement that Petitioner was a "legitimate businessman." Further, Petitioner failed to act with reasonable due diligence to discover this evidence. Finally, the court dismissed Petitioner's request for retroactive relief under *Booker* as *Booker* is not to be applied retroactively.

An appeal from a final order denying habeas relief under § 2255 cannot be taken unless the court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c). When habeas relief is denied on procedural grounds, a certificate of appealability should be issued only if "the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The dismissal of a petition for timeliness is a procedural ruling. Thus,

Petitioner must surmount the extra hurdle—that jurists of reason would find it debatable whether the court properly found the petition untimely. Under the AEDPA, a petition is timely only if it is filed within one year of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

### I.   *Brady* Claims

Petitioner contends that the Government failed to disclose that Kwong cooperated and indicated that Petitioner was a "legitimate businessman." Petitioner also contends that the Government failed to disclose that Steven Wong cooperated as an informant; however, Petitioner fails to specify, what, if anything, is exculpatory about evidence of Steven Wong's cooperation. Petitioner contends that his *Brady* claim is timely (i) under § 2255(f)(2), as the Government's failure to disclose created an impediment to his filing and that he filed within one year of learning of the cooperation, and (ii) under § 2255(f)(4), as he filed his petition within one year of discovering new evidence—the cooperation.

First, reasonable jurists would not find it debatable whether the court properly ruled that the *Brady* claims were untimely. The Government created no impediment to Petitioner's discovery of this evidence. Petitioner could have learned of this evidence at a much earlier date through the exercise of due diligence. Instead, Petitioner first sought this information in 2000 through a FOIA request. That request does not support a finding of timeliness as it was filed

more than one year after Petitioner's conviction became final. Moreover, the claims are untimely under the new evidence standard as well. "Newly discovered evidence is, by definition, incapable of discovery through counsel's due diligence before or during trial." *See Hector v.* Greiner, 99-CV-7863 (FB), 2000 WL 1270010, *1 (E.D.N.Y. Aug. 29, 2000) (holding that a transcript from an unrelated case was not new evidence) (citing *United States v. Middlemiss*, 217 F.3d 112, 122 (2d Cir. 2000)). The *Steven Wong Case* placed Petitioner and his counsel on notice of Steven Wong's cooperation with the DEA in multiple investigations as early as 1991. *See Steven Wong Case*, 761 F. Supp. at 251-52. A reasonable person in Petitioner's circumstances would have discovered the cooperation in a timely manner.

Second, reasonable jurists would not find it debatable whether Petitioner raised valid constitutional claims. Petitioner presented no evidence of exculpatory statements made by his brother. There is nothing exculpatory about the existence of cooperation between the Government and Steven Wong. The only arguably exculpatory evidence is Kwong's statement to the DEA that Petitioner was a "legitimate businessman." To prevail on a *Brady* claim, a petitioner must demonstrate (1) that the government, willfully or inadvertently, suppressed evidence, (2) the evidence at issue is favorable to the defendant, and (3) the failure to disclose the evidence resulted in prejudice. *See United States v. Coppa*, 267 F.3d 132, 140 (2d Cir. 2001). The failure to disclose this one arguably exculpatory statement did not prejudice Petitioner as the admission of this statement at trial would not have changed the result.

## II. *Booker* Claim

The Second Circuit expressly held that *Booker* is not retroactively applicable to cases under collateral attack. *See Guzman v. United* States, 404 F.3d 139, 144 (2d Cir. 2005). The court declines Petitioner's invitation to break from this precedent and holds that reasonable

jurists would not find it debatable whether the petition states a valid *Booker* claim or whether the court properly rule that this claim was untimely.

## CONCLUSION

For the reasons set forth above, the court denies Petitioner's request for a certificate of appealability as to each of his claims.

SO ORDERED.

DATED:     Brooklyn, New York
              October 21, 2008

                                                _____/s/_____
                                                      DORA L. IRIZARRY
                                               United States District Judge